IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| THE CHURCH OF JESUS CHRIST CHRISTIAN/ARYAN NATIONS OF MISSOURI, et al., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 08-3405-CV-S-HFS |
| SENATOR BARACK HUSSEIN OBAMA, et al., | ) ) ) ) | |
| Defendants. | ) | |

**ORDER**

This curious lawsuit was filed November 4, 2008, against then-Senator Obama, with numerous unrelated defendants, some of whom have filed motions to dismiss. Plaintiffs alleged that the "main reason" for the litigation was to prevent a non-white to acquire a "position of authority over any White man, no matter how degraded".

The rambling complaint against Missouri public officials and political parties, as well as Senator McCain, the Missouri Department of Mental Health/Fulton State Hospital, and one "Traitor Glenn Miller", refers to many alleged instances of perceived mistreatment of plaintiff Lindstedt, who joins plaintiffs The Church of Jesus Christ Christian/Aryan Nations of Missouri and Newton County White Nationalist-Socialist Libertarian Party.

My selection as judge was justified by the Clerk's Office because there is an allegation of unconstitutionality of § 115.355, RSMo, requiring declarations of candidacy to be in person unless there is physical disability or membership in the armed forces. If litigated, I take it there would be an Equal Protection issue, unrelated to the Presidential election.

A motion to dismiss (Doc. 3) has been filed by Newton County public officials Skouby, Dobbs, Copeland and Baum, as well as the Newton County Republican Party. The motion asserts failure to state a cause of action, lack of standing, and "not proper parties." The suggestions note that this is an attempt "to set aside a national election by naming the above defendants", and contends there is no "cause of action stated against these defendants."

A somewhat similar motion to dismiss (Doc. 9) has been filed on behalf of Circuit Judge John LePage and the Missouri Department of Mental Health, one contention being that "the harms alleged are not fairly traceable to either Defendant."

Suggestions in opposition have not been filed.

The motions to dismiss are well taken, unless some obscure allegations can be construed as keeping these defendants in court, although they are not identifiably related to the main object of the litigation.

Recent decisions on pleading in Federal cases confirm that Rule 8, Federal Rules of Civil Procedure, is violated by "overly long and rambling" complaints, including "allegations that are not part of the same transactions or series of transactions that do not share common questions of law and fact between the several defendants." Bell v. Phillips, 2009 WL 1535883 (E.D. Mo.). A "plausibility standard" has also been incorporated by the Supreme Court as an overlay for sound pleadings. Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007); Iqbal v. Hasty, 490 F.3d 143 (2d Cir. 2007). Courts are not required to attempt to save cases by sifting through "rambling, and sometimes incomprehensible" pleadings. Fuentes v. Chavez, 314 Fed. Appx. 143, 2009 WL 458791 (10th Cir.).

I take judicial notice that none of the defendants can prevent President Obama from taking office, as he has done, so the case has become moot, in its principal objective. If any of the plaintiffs

2

has a sound claim against any of the defendants it has clearly not been asserted here, and could not be asserted as a claim related to the alleged racial disqualification of a President. The complaint could not be amended to assert a "companion claim" against these defendants.

While I am mindful that opportunities to file amended complaints should generally be preserved, no possibility of a sound joinder of claims appears here. A dismissal with prejudice in this case would not, in my judgment, preclude a plaintiff from filing a new complaint, soundly based, on claims unrelated to the controversy over the Obama election.

The motions to dismiss (Docs. 3 and 9) are therefore GRANTED.

/s/ Howard F. Sachs
HOWARD F. SACHS
UNITED STATES DISTRICT JUDGE

June  17 , 2009

Kansas City, Missouri

3