IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| THE CHURCH OF JESUS CHRIST CHRISTIAN/ARYAN NATIONS OF MISSOURI, et al., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 08-3405-CV-S-HFS |
| SENATOR BARACK HUSSEIN OBAMA, et al., | ) ) ) | |
| Defendants. | ) | |

**ORDER**

Pursuant to an order dated August 4, 2009, pro se plaintiff was granted leave to file an amended complaint. Among other things, I noted the need to effect proper service on defendants. On September 3, 2009, plaintiff filed an amended complaint, and the docket sheet indicates that issued summons were returned to plaintiff for the remaining defendants which include ex-Governor Matt Blunt; Secretary of State Robin Carnahan; Governor Jay Nixon; Barack Hussein Obama; the State of Missouri; the Missouri Democratic Party; the Missouri Republican Party; the Missouri Libertarian Party; Glenn Miller; and the Missouri Supreme Court.

By order dated September 2, 2010, plaintiff was directed to show cause why this action should not be dismissed for failure to effect proper service. I noted the absence of filings for either executed waivers or proofs of service. Plaintiff was given time to respond and advised that any response should include "the timely filing of appropriate proofs of service."

On October 1, 2010, plaintiff filed a response stating that defendants Matt Blunt, Robin Carnahan, Jay Nixon, the State of Missouri, the Missouri Supreme Court, the Missouri Democratic party, and the Missouri Republican party were served by his domestic partner, Roxie Fausnaught. He included copies of proof of service dated March 30, 2010, indicating that delivery was made to receptionist, Lindsey Heeter.

Service of process at a place other than an individual's house can only occur by serving the person directly or by servicing a designated agent. Federal Rules of Civil Procedure (4) and Missouri Supreme Court Rule 54.13.

Reference to the Official Manual of the State of Missouri for 2009-2010, at page 944, indicates that Lindsey Heeter is employed at the Office of the Governor, with a title of operations assistant. Noting that a receptionist is paid at the same salary range it appears that Lindsey Heeter was serving as receptionist for the Governor at the time of attempted service, as the return indicates. No attempt has been made to serve the other State officials and agencies. Taking judicial notice that an employee in the Governor's office would have no authority to accept service of process for anyone other than the Governor, the delay in obtaining service is inexcusable. The amended complaint will therefore be dismissed without prejudice as to Matt Blunt, now a private citizen, and all State officials and agencies other than the Governor. SO ORDERED.[1]

As to the Governor, neither the court nor the pro se plaintiff is aware of the designated agent, if any, for service of process. It is unlikely that a receptionist would have been given this authority, and the lack of response to the pleadings supports the view that service of process was not adequately performed. Therefore, the court hereby orders the Marshal's Office to effect personal

---

[1] This ruling does not apply to the political parties.

service on the Governor, using the customary practice of that office.[2]

                                                    /s/ Howard F. Sachs
                                                    HOWARD F. SACHS
                                                    UNITED STATES DISTRICT JUDGE

November  1 , 2010

Kansas City, Missouri

---

[2] It is unfortunate that, unlike corporations, Missouri public officials seem to have no publicized registered agents for service of process. Unless public information has been missed by court personnel I do recommend that continuing and accessible public notice be given of currently designated agents for service of process.