| | |
|---|---|
| THE CHURCH OF JESUS CHRIST CHRISTIAN/ )<br>ARYAN NATIONS OF MISSOURI, et al., )<br>)<br>Plaintiffs )<br>)<br>v. )<br>)<br>SENATOR BARACK HUSSEIN OBABA, et al, )<br>)<br>Defendants ) | Case No. 08-03405-CV-S-DGK |

## THE MISSOURI DEMOCRATIC PARTY'S
## SUGGESTIONS IN SUPPORT OF ITS MOTION TO DISMISS

Defendant The Missouri Democratic Party (MDP) respectfully suggests to this Court that Plaintiffs' Amended Complaint should be dismissed with prejudice against the MDP on the grounds stated herein below.

As other defendants to this suit have pointed out in their motions to dismiss and suggestions in support (*see, e.g.* Docs. 3, 9, 16, 17, 26, 27), Plaintiffs' Amended Complaint fails to comply with Rule 8 of the Federal Rules of Civil Procedure. Rule 8(a) requires that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . ." *F. R. Civ. P. 8(a)*. Further, rule 41(b) of the Federal Rules of Civil Procedure provides that, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits." *F. R. Civ. P. 41(b)*. The Eighth Circuit Court of Appeals has held that, "[a] complaint which fails to comply with Rule 8 may be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b) after allowing time to file an amended complaint." *Mangan v. Weinberger, 848 F.2d 909, 911 (8th Cir. 1988)*.

This Court's Order dated August 4, 2009 granted Plaintiffs leave to file an amended complaint and directed Plaintiffs to comply with the provisions of Rule 8 by making its allegations in short and plain language. *See, Doc. 13*. In their Amended Complaint (*Doc. 14*), Plaintiffs failed to follow the Court's Order of August 4, 2009 in that the Amended Complaint consists almost exclusively of extraordinarily long, rambling, irrelevant and often incomprehensible statements that fail to show that Plaintiffs are entitled to relief. *See, Doc. 14*. In their Amended Complaint, Plaintiffs admit that they deliberately, willfully and contumaciously ignored the Order of the Court when they state, "[t]herefore, Plaintiff has gone forward beyond which this Court wanted him to go . . . Destroy judicial due process at your own peril, judge." (*Doc. 14, p. 18*).

The Eighth Circuit Court of Appeals in *Managan* affirmed the district court's holding that the appellant's deliberate persistence in refusing to conform his pleadings to the requirements of Rule 8 justified dismissal of the complaint with prejudice. *Managan, supra*, 848 F.2d at 911. In that case, the district court allowed the plaintiff to amend his pleading to conform with Rule 8. *Id.* However, the amended pleading did not so conform to the requirements of Rule 8. *Id.* Here in the instant case, as in *Managan*, this Court allowed time for the instant Plaintiffs to amend their Complaint and directed Plaintiffs to state their claim in short and plain language, in compliance with F. R. Civ. P. 8. *See, Doc. 13*. Further, like the plaintiff in *Managan*, the Plaintiffs in this case did not adhere to the requirements of F. R. Civ. P. 8 in their Amended Complaint. *Doc. 14. See, Managan, supra,* 848 F.2d at 911. The district court in *Managan* dismissed the plaintiff's pleading for deliberate failure to comply with Rule 8. Likewise in this case, because of Plaintiff's willful, deliberate and contumacious persistence in failing to comply

with F. R. Civ. P. 8, this Court should dismiss the Plaintiffs' Amended Complaint against MDP pursuant to F. R. Civ. P. 41(b).

Further, the Court should dismiss Plaintiffs' Amended Complaint for failing to state a claim against the MDP upon which relief can be granted. It is not clear what allegations Plaintiffs' actually make against the MDP in Plaintiff's Amended Complaint. Although it is not clear, it appears that Plaintiffs' allegations against the MDP are supposed to be contained in Count II therein, which is titled, "The Missouri Political Parties With Ballot Access Have Been Allowed To Refuse Overtly White Nationalist Political Candidates To Run On Their Politically Privileged Ballots Due To the Work of A Probable Agent Provocateur." *Doc 14, p. 15*. The long, rambling statements contained in Count II primarily discuss various irrelevant matters that are wholly unrelated to the MDP. *See, Id.* at pp. 15-18. Plaintiffs do make some conclusory statements in Count II that "any political party with ballot access in Missouri could . . . deny Plaintiff's filing fee on the grounds that Plaintiff is a racist White male and religious fanatic and they would be correct in that assessment and legally allowed to discriminate against Plaintiff on the grounds of his racial beliefs, creed, and religion." *Id.* at 17-18. However, nowhere in Count II, or anywhere else in their Amended Complaint, do Plaintiffs make any allegations against MDP that state specific facts that would entitle Plaintiffs to maintain a cause of action against MDP. As a matter of law, Plaintiffs fail in their Amended Complaint to state a claim against MDP upon which relief can be granted. This Court should dismiss Plaintiffs' Amended Complaint against Defendant MDP because Plaintiffs' Amended Complaint fails to state a claim upon which relief can be granted.

In conclusion, Plaintiffs' Amended Complaint fails to state a cause of action against MDP upon which relief can be granted. At best, Plaintiffs Amended Complaint states mere

conclusions that, in general, Missouri political parties discriminate against certain persons unconstitutionally. However, these conclusory statements are nowhere supported by factual allegations against the MDP. Further, as specified above, Plaintiffs' Amended Complaint deliberately and contumaciously violates Federal Rules of Civil Procedure 8(a) in that it does not contain a short and plain statement of the claim showing that the pleader is entitled to relief.

For these reasons, Defendant MDP respectfully suggests to this Court that Plaintiffs' Amended Complaint should be dismissed with prejudice against the Missouri Democratic Party.

Respectfully Submitted,

STEWART, MITTLEMAN, HEGGIE & HENRY, LLC

By:  /s/ Seth A. Albin
ROBERT M. HEGGIE Mo. # 38246
rheggie@smhhlaw.com
SETH A. ALBIN, Mo #46483
salbin@smhhlaw.com
222 South Central Avenue, Suite 501
St. Louis, Missouri 63105
Telephone: (314) 863 - 8484
Facsimile:  (314) 863 – 5312
*Attorneys for Defendant The Missouri Democratic Party*

## CERTIFICATE OF SERVICE

The undersigned certifies that on May 18, 2011, the foregoing was filed electronically with the clerk of the Court to be served by operation of the Court's electronic filing system upon all counsel of record in this case and a copy was sent by United States mail, first class postage prepaid, to Plaintiffs at 338 Rabbit Track Road, Granby, MO 64844.

/s/  Seth A. Albin
Attorney