IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| THE CHURCH OF JESUS CHRIST CHRISTIAN/ARYAN NATIONS OF MISSOURI, et al., | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 08-03405-CV-S-DGK |
| SENATOR BARACK HUSSEIN OBAMA, et al., | ) ) ) ) | |
| Defendants. | ) | |

**ORDER GRANTING DISMISSAL WITH PREJUDICE**

This lawsuit was initially filed before the Honorable Judge Howard F. Sachs in the United States District Court for the Western District of Missouri in November 2008 (Doc. 1). Alleging that its purpose was to prevent any non-White from attaining a "position of authority over any White man," the lawsuit named then-Senator Barack Obama and numerous other unrelated individuals, including John McCain, Matt Blunt, Jay Nixon, and Glenn Miller, as defendants. In March 2011, at the direction of Chief Judge Fernando Gaitan, the case was administratively transferred and randomly reassigned to this Court due to a conflict of interest by Judge Sachs (Doc. 28). Since its filing, all defendants except the Missouri Democratic Party ("MDP"), the Missouri Republican Party ("MRP"), and Governor Jay Nixon have been dismissed. Plaintiffs have refocused their complaint on the alleged unconstitutionality of Missouri statue § 115.355, which implicitly prevents incarcerated individuals from filing for public office, and on the discrimination of White potential political candidates by the MDP and MRP.

1

Motions to Dismiss have been filed by both the MRP (Doc. 26) and the MDP (Doc. 35) asserting that Plaintiffs have failed to comply with Federal Rule of Civil Procedure 8(a) and have failed to state a claim upon which relief can be granted.[1]  Fed. R. Civ. P. 12(b)(6).  The Court holds that because the Plaintiffs have failed to comply with the Federal Rules of Civil Procedure and because Plaintiffs have failed to make the requisite factual allegations supporting their claim, the Defendants' motions to dismiss are GRANTED as to all Defendants in the case.

## Discussion

**A. Plaintiffs Failed to Comply with Federal Rule of Civil Procedure 8(a).**

A complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  Complaints that are "rambling and needlessly long and confusing" or complaints that contain "lengthy, irrelevant, and largely incomprehensible factual allegations" violate Rule 8.  *McAninch v. Wintermute*, 491 F.3d 759, 766 (8th Cir. 2007).  Courts cannot be expected to save cases by sifting through "rambling, and

---

[1] Governor Nixon has not filed a motion in this case because he has not properly been served with process. On November 1, 2010, the United States Marshal's Service was ordered to effect personal service on Governor Nixon using the customary practices of that office (Doc. 24).  On November 3, 2010, a United States Marshal informed Plaintiffs that due to the Court's denial of Plaintiffs' "forma pauperis" status, the summons and complaint would not be delivered to Governor Marshall until Plaintiffs paid an advance deposit of $56 (Doc. 25).  As of March 21, 2011, Plaintiffs had not paid the required deposit, and there was no other activity in the case with regard to Governor Nixon.  On that date, this Court ordered Plaintiffs to show cause on or before April 11, 2011 as to why the case should not be dismissed for failure to prosecute Governor Nixon (Doc. 29).  As of today's date, Plaintiffs have yet to serve Governor Nixon with process as required by the Federal Rules of Civil Procedure.

Given that Governor Nixon has not been given proper notice of this case and has not had an opportunity to respond, the Court considers the following arguments with regard to him *sua sponte*.  Generally, courts may dismiss a complaint *sua sponte* for the failure to state a claim as long as the dismissal does not precede service of process. *Smith v. Boyd*, 945 F.2d 1041 (8th Cir. 1991). However, some courts have determined that an appropriate *sua sponte* dismissal pursuant to Rule 12(b)(6) can and should be done prior to service of process in the interest of justice and fairness to the litigants if the plaintiff has had notice and an opportunity to respond.  *See Slangal v. Getzin*, 148 F.R.D. 691 (D. Neb. 1993); *Smith v. Boyd*, 945 F.2d (8th Cir. 1991).  Because here, the dismissal is based on violations of Federal Rules of Civil Procedure 8(a), 41(b), and 12(b)(6), and because Plaintiff has been given ample opportunity and notice to serve process on Governor Nixon, the Court determines it is in the interest of justice and fairness to the parties to dismiss.

sometimes incomprehensible" pleadings. *Fuentes v. Chavez*, 314 Fed. Appx. 143, 145 (10th Cir. 2009). In addition, Rule 41(b) of the Federal Rules of Civil Procedure provides that if the plaintiff fails to comply with the rules, a defendant may move to dismiss the action. Fed. R. Civ. P. 41(b). Such a dismissal operates as an adjudication on the merits. *Id*. Specifically, the Eighth Circuit Court of Appeals has held that "[a] complaint which fails to comply with Rule 8 may be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b) after allowing time to file an amended complaint." *Mangan v. Weinberger*, 848 F.2d 909, 911 (8th Cir. 1988).

On June 17, 2009, Judge Sachs issued an order finding Plaintiffs in violation of Rule 8 and stating that if there was a valid claim against any defendant "it has clearly not been asserted here" (Doc. 11). On August 4th, Judge Sachs granted Plaintiffs leave to file an amended complaint to assert "the unconstitutionality of § 115.355, RSMo," to establish "standing to assert rights of imprisoned persons seeking public office," and to state "some factual likelihood of being in that condition when filing for office begins" (Doc. 13). In the order, Judge Sachs specifically directed Plaintiffs to establish their claim "in short and plain language" and to "avoid surplusage." *Id*. Rather than complying with the Judge's order, Plaintiffs submitted an amended complaint, consisting of twenty pages of rambling, and often irrelevant or incomprehensible passages, that does not state reasons why Plaintiffs are entitled to relief (Doc. 14). Plaintiffs admit in their Amended Complaint that they ignored the court's directive, stating that they have "gone forward beyond which this Court wanted [them] to go." *Id*.

In *Managan*, the Eighth Circuit upheld the district court's decision dismissing the plaintiff's complaint with prejudice where the plaintiff persisted in refusing to conform his pleadings to the requirements of Rule 8. *Managan*, 848 F.2d at 911. Here, like in *Managan*, Plaintiffs were given an opportunity to amend their complaint to state a claim in short, plain

language in compliance with Fed. R. Civ. P. 8 and failed to do so.  While a district court should freely give leave to a party to amend its pleadings when justice requires, where plaintiffs willfully and persistently fail to comply with the Federal Rules of Civil Procedure, the case should be dismissed with prejudice.  Fed. R. Civ. P. 15(a);  Fed. R. Civ. P. 41(b);  *Managan*, 848 F.2d at 910-911.  Therefore, as Plaintiffs have been given an opportunity to conform the Complaint to the requirements of the Federal Rules and assert no reason for their inability to do so, the case should be dismissed as to all defendants.

### B.  Plaintiffs' Amended Complaint Fails to State a Claim Against Defendants.

Defendants MRP and MDP also argue that this Court should dismiss Plaintiffs' Amended Complaint for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  Although the Court need not reach this issue, the Court agrees, finding that Plaintiffs have failed to allege specific facts sufficient to entitle Plaintiffs to maintain a cause of action against either party.

As best can be determined, Plaintiffs assert a cause of action against Defendants for discriminatorily rejecting Plaintiffs' filing fees to run for political office based on anti-White or anti-White supremacist sentiment (Doc. 14) ("The Missouri Political Parties With Ballot Access Have Been Allowed To Refuse Overtly White Nationalist Political Candidates To Run On Their Politically Privileged Ballots Due To the Work of A Probable Agent Provacateur").  As part of this allegation, Plaintiff notes, "Currently . . . Plaintiff Lindstedt wouldn't be able to run for state or federal office because any political party with ballot access in Missouri *could* . . . deny Plaintiff's filing fee on the grounds that Plaintiff is a racist White male and religious fanatic" (Doc. 14) (emphasis added).  To state a claim, however, Plaintiffs must allege plausible factual allegations to support the claim.  *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009).

4

Conclusory allegations of law or inferences unsupported by facts will not defeat a motion to dismiss for failure to state a claim. *Id*. at 1949.

In no part of the Complaint do Plaintiffs make any allegations against either MRP or MDP that state a basis upon which relief can be granted. At most, Plaintiffs state general conclusions regarding unconstitutional discrimination of Whites by Missouri political parties. Similarly, Plaintiffs state no allegations against Governor Nixon. Thus, because Plaintiffs' generalized conclusions are unsupported by factual allegations against the MRP, the MDP, or Governor Nixon, Plaintiffs fail to state a claim upon which relief can be granted.

Finally, it appears that Plaintiffs made little effort to satisfy the legal requirements of Rule 12(b)(6). For example, Plaintiffs state that they brought this lawsuit, "not in hopes that they can prevail through law, but in hopes of further creating the conditions for civil war which will destroy 90 percent of the 'white nigger' or as we call it, the whigger population . . ." (Doc. 40). Plaintiffs also state that they "filed this lawsuit because they wished to make the point to the White Nationalist and Christian Identity Movement as a whole that there is no peaceful political solution to this ZOG/Babylonian mess we are in" (Doc. 32). Consequently, the Court warns Plaintiff that presenting similar claims to the ones brought in this case that are unwarranted by existing law or presented for any improper purpose may result in the imposition of sanctions under Fed. R. Civ. P. 11(b).

## Conclusion

For the foregoing reasons, the Court finds that Plaintiffs have failed to comply with the Federal Rules of Civil Procedure in stating a short, plain statement showing that they are entitled to relief and in alleging facts necessary to support their claims. Accordingly, the motions of

Defendants MRP and MDR (Docs. 26, 35) are GRANTED and all Plaintiffs' complaints against all Defendants are dismissed with prejudice.

**IT IS SO ORDERED.**

Date: October 17, 2011

      /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT